IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES SHEFFIELD, #269459, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-166-WHA |
| | ) | |
| CAPT. McKEE, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James Sheffield, a state inmate, incarcerated at the Elmore Correctional Facility ("Elmore"). In the instant complaint, Sheffield alleges that the defendant failed to protect him from an attempted assault and armed robbery by other inmates on February 22, 2016 at Elmore.

Pursuant to the orders of this court, the defendant filed a special report supported by relevant evidentiary materials, including an affidavit and various prison records, in which he addressed the claims for relief presented in the complaint. The defendant asserts that he did not act with deliberate indifference to the plaintiff's safety and properly investigated the incident when it was reported to him.

In light of the foregoing, the court issued an order directing Sheffield to file a response to the defendant's written report. *Doc. No. 26*. The order advised Sheffield that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at

1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Sheffield for filing a response in compliance with this order expired on March 17, 2017. *Doc. No. 31*. Sheffield has failed to file a response in opposition to the defendant's written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Sheffield is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Sheffield's inaction in the face of the defendant's report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendant, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Sheffield's compliance would be unavailing and a waste of scarce judicial resources. Consequently, the court concludes that Sheffield's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

The parties may file objections to the Recommendation on or before May 2, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 18th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge